IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| P.C.A.-CORRECTIONS, LLC., | : | Case No. 1:20-cv-428 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| AKRON HEALTHCARE LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER SETTING ASIDE THE ENTRY OF DEFAULT**
___

This matter is before the Court on a motion (Doc. 16) filed by eighteen of the nineteen defendants in this case: (1) Akron Healthcare LLC, (2) Belden Village Healthcare LLC, (3) Bellefontaine Healthcare LLC, (4) Euclid Beach Healthcare LLC, (5) Greenville Healthcare LLC, (6) Holly Glen Healthcare LLC, (7) Jackson Healthcare LLC, (8) Madeira Healthcare LLC, (9) Mayfield Heights Healthcare LLC, (10) North Olmsted Healthcare LLC, (11) Oregon Healthcare LLC, (12) Piqua Healthcare LLC, (13) Portsmouth Healthcare LLC, (14) Uptown Westerville Healthcare LLC, (15) Waterville Healthcare LLC, (16) Wauseon Healthcare LLC, (17) Woodridge Healthcare LLC (collectively 1 – 17 are referred to as the "Skilled Nursing Facility Defendants" or "SNF Defendants"), and (18) Boulder Operations Holdings LLC a/k/a Reach LTC Ohio. The only defendant that does not join in the motion is Boulder Healthcare LLC. The moving defendants style their motion as a motion to set aside the default judgment. (See Doc. 16.) Because this Court has not entered default judgment, there is no default judgment to aside. The Clerk,

1

however, has entered the moving defendants' default, as it was required to do under Rule 55(a). Accordingly, the Court will construe the motion as a motion to set aside the default.

Defense counsel's motion recounts its communications with Plaintiff's counsel. Based on the email correspondence, on May 27, 2020, Plaintiff's counsel asked defense counsel if he would accept service, but not waiver of service. Defense counsel was willing to waive service under Fed. R. Civ. P. 4(d), but would not accept service unless Plaintiff would give the SNF Defendants 60 days to respond to the complaint. (Doc. 16-1.) According to defense counsel, plaintiff's counsel did not respond. Defense counsel recognizes that the docket reflects that service was made to the SNF Defendants on June 9, 2020, and that the answer was due on June 30, 2020. But it maintains that the SNF Defendants have no record of receiving the summonses and complaint and that Plaintiff has failed to comply with Fed.R.Civ.P. 4. Nevertheless, the moving defendants, through counsel, filed an answer to the complaint on July 1, 2020. According to defense counsel, on the same day he filed the answer, "Plaintiff prematurely—and improperly—filed a motion for default judgment." (Doc. 16 at 2.) Defense counsel further argues that if, for the sake of argument, the answer was filed late, Plaintiff is not prejudiced by the one-day delay.

Plaintiff takes issue with, among other things, defense counsel's "implication that the SNF Defendants filed their Answer before PCA filed its Request for Entry of Default." (Doc. 18 at PageID 235) (citations omitted). In fact, Plaintiff points out, it filed its application for default first. Defense counsel filed its answer after that.

Plaintiff's point is valid. Although defense counsel does not overtly represent

2

otherwise, its two filings on the subject (Docs. 13, 16) muddy the waters with respect to the timeline of events. Defense counsel represents that Plaintiff's application of default was filed against all defendants "on the same date" (Doc. 13 at 1), or on the "same day" (Doc. 16 at 2), as when the moving defendants filed their answer. This position obfuscates the record and misses the point. The date a plaintiff may apply for default is the first day after an answer deadline is missed. If defense counsel means to suggest that Plaintiff was not entitled to apply for default the day after the SNF Defendants failed to respond to the complaint in time, then it is wrong as a matter of law. If defense counsel means to suggest that it first answered the complaint, and then plaintiff applied for default, then it is wrong as a matter of record. So no construction of defense counsel's "same day" reasoning advances its cause. The basis for default was plain. On July 1, 2020, the day after the SNF Defendants' answer deadline, Plaintiff applied for default. Later that day, the moving defendants filed their answer. Plaintiff was clearly entitled to apply for a default entry and the Clerk properly entered default. Fed. R. Civ. P. 55(a).

The standard for setting aside a default entry is well-established. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The case law is clear too. "In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). "[A]bsent entry of a final default judgment, the more lenient Rule 55(c) standard governs a motion to set aside a default or default judgment." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011). When

3

deciding if there is good cause to set aside an entry of default, courts must consider three factors: (1) whether the default was willful; (2) whether setting the entry aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *Id.* at 839. "All three factors must be considered in ruling on a motion to set aside entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

*Willfulness*. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* Although the motion does not address the willfulness of their delay, it does cite a failure of communication between plaintiff's counsel and defense counsel. This failure was avoidable, but it does not amount to the level of culpability described in *Shepard*. Furthermore, defense counsel took quick action to remedy the default by filing the answer the day after the filing deadline passed. *See Oppenheimer v. City of Madeira, Ohio*, No. 1:19-CV-770, 2020 WL 5106710, at *4 (S.D. Ohio Aug. 31, 2020) (no willfulness when defendant filed answer one day late). The first factor weighs in favor of the moving defendants.

*Prejudice*. "In order to deny a motion to set aside an entry of default, a plaintiff must show prejudice beyond mere delay." *Wilson v. Blanton*, No. 2:16-CV-00390, 2016 WL 5408889, at *1 (S.D. Ohio Sept. 28, 2016). The only argument defense counsel makes that is relevant to setting aside a default entry is that Plaintiff is not prejudiced by a one-day delay. Plaintiff does not claim prejudice. The case law requires more prejudice than that caused by mere delay. *See, e.g., id.* Accordingly, the second factor weighs in favor the moving defendants.

*Meritorious defense.*  Plaintiff does not address the merits of the moving defendants' defense.  "A defense is 'meritorious' if it is 'good at law.'"  *Dassault Systemes*, SA, 663 F.3d at 843.  It is not required that a defense be likely to succeed.  There just has to be a "hint of a suggestion" that the defense is meritorious.  *Id.* (citations omitted).  Rule 8(c)(1) of the Federal Rules of Civil Procedure requires a party to "affirmatively state any . . . affirmative defense."  The answer states defenses recognized by law, so this factor also weighs in favor of the moving defendants.  *Amari v. Spillan*, No. 2:08-CV-829, 2009 WL 5216042, at *4 (S.D. Ohio Dec. 29, 2009).

Since all three factors tilt the balance in the moving defendants' favor, the record reflects good cause to set aside an entry of default under Rule 55(c).  Accordingly, the Court **GRANTS** the motion to set aside the entry of default (Doc. 16) and **DIRECTS** the Clerk to **VACATE** the entry of default (Doc. 15).

**IT IS SO ORDERED.**

        UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF OHIO

By: _____
      JUDGE MATTHEW W. McFARLAND