IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| PCA-CORRECTIONS, LLC, d/b/a PCA Pharmacy, | : | Case No. 1:20-cv-428 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AKRON HEALTHCARE LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING LEAVE TO AMEND THE COMPLAINT, GRANTING JOINT MOTION TO AMEND THE CALENDAR ORDER, AND DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT**

This case is before the Court on Plaintiff's motion for leave to amend the complaint. (Doc. 65.) Also pending are Plaintiff's motion for summary judgment (Doc. 32) and a joint motion to amend the calendar order (Doc. 66).

Through amendment, Plaintiff PCA-Corrections seeks to address issues that allegedly rise out of the same nucleus of facts. It primarily seeks to add two PCA entities, remove one defendant, add Defendants' alleged owners, expand the scope of its breach claims to include Defendant Boulder Operations, and add a claim for fraudulent inducement. Defendants do not oppose the addition of new plaintiffs or subtraction of a defendant, but oppose the rest of the proposed amendments. They argue that the proposed amendments are untimely and unduly prejudicial.

A party may amend a pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). The

1

court should freely give leave "when justice so requires." *Id.* Absent undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Some "significant showing of prejudice to the opponent" is required to deny a motion to amend. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). When determining prejudice, a court considers whether the assertion of new claims or new parties would require the defendant to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution. *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

A brief review of this case's lifespan is in order. Plaintiff filed the complaint on May 27, 2020. (Doc. 1.) After an answer was filed, the Court held the Preliminary Pretrial Conference (PPTC) on October 28, 2020. By then, there were already several motions pending. These included a motion for default judgment against one of the defendants, a motion for leave to serve additional request for admissions, and a motion for attachment. The PPTC revealed a significant breakdown in communication between the parties. The Court referred the case for mediation and stayed all the deadlines to motions and discovery, pending mediation. (Minute Entry, 10/28/2020.)

During that stay, Plaintiff filed a motion for summary judgment. (Doc. 32.) Also during that stay, Defendants' legal counsel withdrew and Defendants acquired new legal counsel. (Docs. 33-35.) Magistrate Judge Stephanie K. Bowman held a settlement conference in late December. (Minute Entry, December 29, 2020.) Following a second settlement conference a couple of weeks later, she found that the matter was at an

impasse. (Minute Entry, 1/11/2021.)

After the case returned to the undersigned district judge's docket, briefing on the pending motions resumed. (*Id.*; *see* Docs. 37, 38.) The Court ruled on several substantive motions in April and May 2021. (Docs. 57-59.) In June 2021, Defendants again substituted legal counsel. (Docs. 60-61.) Shortly after that, Plaintiff filed the instant motion for leave to amend the complaint. (Doc. 65.)

This procedural history provides context as to why amendment is neither untimely nor unduly prejudicial. Take timeliness. The stay effectively lifted in February 2021. Plaintiff represents that discovery responses arrived sometime that month. Some discovery responses did not arrive until May. In July, it filed its motion for leave. And, as this case involves medical entities and has taken place during the COVID-19 pandemic, with its strains on the medical profession and disruptions of business, some delay is not altogether surprising. Any delay here was not, in other words, unexplained. *See Phelps*, 30 F.3d at 662.

Nor does amendment unduly prejudice Defendants. Defendants do not deny that *no depositions have been taken*. Though they argue that discovery has been ongoing for over a year, it is more accurate to say that this case has been active for over a year but circumstances have prevented little productive discovery. Indeed, the parties have filed a joint motion to amend the calendar order, asking the Court to suspend several discovery deadlines and the dispositive motion deadline. (*See* Doc. 66.) In this light, Defendants cannot show prejudice—if they have been unable to conduct discovery or take depositions, then the amended complaint would not significantly delay resolution or

require Defendants to expend significant resources on top of those they have already expended actually conducting discovery. *Id.* at 663.

For these reasons, the Court **GRANTS** the motion for leave to amend the complaint (Doc. 65). As the amended complaint will add parties, claims, and factual allegations, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for summary judgment (Doc. 32). Plaintiff may refile or modify the motion for summary judgment if it is still relevant to the amended complaint. Lastly, the Court **GRANTS** the parties' joint motion to amend the calendar order (Doc. 66). Accordingly, the Court orders as follows:

(1) The Court **GRANTS** the motion for leave to amend the complaint (Doc. 65) and **DIRECTS** Plaintiff to file the amended complaint attached to its motion (Doc. 65-1) within **SEVEN (7) DAYS** of the filing of this Order.

(2) The Court **GRANTS** the joint motion to amend the calendar order (Doc. 66) and **DIRECTS** the parties to file a joint proposed amended calendar order within **FOURTEEN (14) DAYS** of the filing of this Order.

(3) The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND